**ADELMAN v. UNITED STATES.**

No. 12128.

United States Court of Appeals
Ninth Circuit.

April 25, 1949.

A. J. Zirpoli, John J. Sullivan, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty. and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

284

Before MATHEWS, HEALY and POPE, Circuit Judges.

## PER CURIAM.

The appellant was found guilty on all four counts of an indictment which charged in counts I and III that the defendant "unlawfully did sell, dispense and distribute not in or from the original stamped package, a lot of smoking opium", and in counts II and IV that defendant "did conceal and facilitate the concealment of said lot of smoking opium * * * and the said smoking opium had been imported into the United States of America contrary to law * * *". The first and third counts were charged under the Harrison Narcotic Act, 26 U.S.C.A. §§ 2553 and 2557, and the second and fourth counts under the Jones-Miller Act, 21 U.S.C.A. § 174.

Appellant proceeded under Section 2255 of Title 28 U.S.C.A. to correct the judgment and sentence upon several grounds, all of which boiled down to the assertion that counts I and III of the indictment failed to state facts sufficient to constitute an offense against the United States. Appellant has appealed from the order denying such motion.

Appellant contends that the indictment refers to "imported smoking opium". He argues that since the Jones-Miller Act, 21 U.S.C.A. § 173, makes it unlawful to import smoking opium and requires such opium to be summarily seized and destroyed when found, therefore when the Harrison Narcotic Act simply prohibits and makes unlawful the sale of opium "except in the original stamped package", this Act cannot be construed to impose any tax on the imported smoking opium because, being thus prohibited, there would be no such thing as an original stamped package of such opium. It is therefore said that counts I and III charged no offense against the United States.

If we may assume that it appears from the record here that the opium described in these two counts was in fact imported smoking opium, as to which there may be some doubt, we cannot agree with appellant's contention. Section 2550 of Title 26 U.S.C.A. in general terms imposes a tax on "opium * * * any compound, salt, de-

rivative, or preparation thereof, produced in or imported into the United States * * *". Congress may tax what it prohibits. United States v. Yugonovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043. The manifestation of the intention of Congress to do so here is not lessened by the use of the words "except in the original stamped package". We think the Act clearly imposes the tax on the prohibited product even although stamped packages of such imported smoking opium may never exist.

The order is affirmed.